UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EMMANUEL ROBERTO MEDINA-RUIZ,

Plaintiff,

v.

Case No. 2:26-cv-1968-KCD-NPM

ACTING SECRETARY MARKWAYNE MULLIN, TODD BLANCHE, TODD LYONS, MIAMI FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, MIAMI FIELD OFFICE, WARDEN FLORIDA SOFT-SIDED FACILITY,

Defendants,
_______________________________/

**ORDER**

This Court previously ordered the Government to provide Petitioner Emmanuel Roberto Medina-Ruiz with a bond hearing under 8 U.S.C. § 1226(a). That hearing took place on May 21, 2026.[1] He now argues that those proceedings were constitutionally inadequate and asks the Court to release him or order a new hearing. (Doc. 1.) The Government opposes the petition. (Doc. 10.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Federal courts are generally not in the business of second-guessing an immigration judge's decision about bond for an illegal alien. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024). The Immigration and Nationality Act dictates that the Attorney General's discretionary judgments regarding bond are not subject to review. 8 U.S.C. § 1226(e). If Medina-Ruiz were merely asking this Court to reweigh the evidence or substitute its judgment for the immigration judge, his petition would be dead on arrival. But that statutory bar does not give the government a blank check to bypass the Constitution. It does not strip this Court of jurisdiction to consider a bona fide constitutional claim regarding the framework of the detention. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026).

Medina-Ruiz argues that the bond hearing he received was constitutionally deficient because he was given the burden of proof. (Doc. 1 at 24.) That is a claim this Court can address. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026); *Rubio v. Hardin*, No. 2:26-CV-125-KCD-NPM, 2026 WL 1390984, at *1 (M.D. Fla. May 19, 2026). And the Court agrees that the Government must bear the burden of proof to pass constitutional muster. *See Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D.

Ala. July 29, 2026). "In sum, detainees' fundamental liberty interest is severely impacted by placing the burden of proof on them, while the government's interests are minimally affected by assigning the burden of proof to the government. Therefore, due process requires placing the burden of proof on the government." *Id.* at *8.

Medina-Ruiz separately argues that "the immigration courts are structurally not impartial tribunals." (Doc. 1 at 24-25.) Thus, he concludes, "immigration courts do not satisfy the minimum requirements of due process." (*Id.*) The Court is not convinced. Medina-Ruiz "does not supply evidence of bias by this Immigration Judge in this particular proceeding." *Stabilito-Martinez v. Mullin*, No. 1:26-CV-04190-KES-EPG-HC, 2026 WL 2389281, at *4 (E.D. Cal. Aug. 17, 2026). Nor is "the record evidence [s]ufficient to determine that immigration judges are wholly unable to act as neutral adjudicators." *Lopez Arevalo v. Warden*, No. 1:26-CV-04853-DAD-CKD, 2026 WL 2517498, at *5 (E.D. Cal. Aug. 26, 2026); *see also O.G.M. v. Jessica Sage*, No. 4:26-CV-00780, 2026 WL 2455748, at *5 (M.D. Pa. Aug. 21, 2026) (rejecting same systematic bias argument); *Melnyk v. Warden*, No. 1:25-CV-01431-JLT-EPG, 2026 WL 2364483, at *3 (E.D. Cal. Aug. 14, 2026) (same).

Finally, the Court rejects Medina-Ruiz's arguments regarding his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir.

2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026); *Zaga Tawil v. Cardinal*, No. 26-CV-22521, 2026 WL 2198539, at *9 (S.D. Fla. July 30, 2026).

Because Medina-Ruiz's bond hearing was constitutionally insufficient on the current record, the habeas petition (Doc. 1) is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Medina-Ruiz's for a new individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 3, 2026.

Kyle C. Dudek
United States District Judge